I concur in overruling the application for rehearing, and, but for two exceptions, I concur in the main opinion. Neither exception would change the result.
My first exception is that I disagree with the holding in the main opinion that "the telephone calls, fax transmissions, and letters from Kizer and Elliott to Van Kleef . . . were `the unilateral activity of another person.'" 830 So.2d at 731. Communications from one party to another in an existing and ongoing relationship would not seem to be unilateral any more than the statements made by one party to another in an ongoing conversation would be unilateral. These particular calls, faxes, and letters, however, are not enough to make a difference on the issue of in personam jurisdiction.
My second exception is that I do not agree with the holding in the main opinion that the Martindale-Hubbell directory "listing is not purposefully directed at Alabama." 830 So.2d at 731. I also do not endorse the federal cases cited by the main opinion in support of this holding. The Martindale-Hubbell directory listing is purposefully directed at Alabama as well as 49 other states, some territories, and the District of Columbia. If a man punches the respective noses of 60 other people in a room, his punching 59 of them does not detract from the purposefulness or the directness of his punching the sixtieth. This Martindale-Hubbell listing, however, is too innocuous and too minor to make a difference on the issue of in personam jurisdiction.